## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA HACKMAN, individually and on behalf of others similarly situated and the general public,<br><br>     *Plaintiff,*<br><br>v.<br><br>ALDI Inc. d/b/a Reggano,<br><br>     *Defendant.* | Civil Action No.<br><br>DEFENDANT'S NOTICE OF REMOVAL<br><br>From the Superior Court of the District of Columbia, Civil Division<br>Case No. 2016 CA 004723 B<br><br>Filed Electronically |

To:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**PLEASE TAKE NOTICE** that on this date, defendant ALDI Inc. ("ALDI"), by and through its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §1446(a) in the office of the Clerk of the United States District Court for the District of Columbia, based upon the following grounds:

## PLEADINGS AND PROCEEDINGS TO DATE

1.      This case and certain predecessor and related cases involve claims by the plaintiff Gloria Hackman ("Plaintiff") that certain defendants sold grated parmesan cheese products with allegedly misleading labels.  In each case, Plaintiff has asserted claims under the District of Columbia Consumer Protection Act, common law breach of the implied warranty of merchantability, and common law breach of warranty.

2.      Following removal or the threat of removal, Plaintiff has voluntarily dismissed and refiled its claims and/or amended its pleadings several times in an apparent effort to avoid federal court jurisdiction.

**A.      Hackman v. ALDI I**

3.      On March 23, 2016 Plaintiff filed a Complaint in the Superior Court of the District of Columbia captioned *GLORIA HACKMAN, individually and on behalf of others similarly situated and the General Public of the District of Columbia, v. ALDI, Inc. d/b/a Reggano,* Superior Court of the District of Columbia, Case No. 2016 CA 002169 B ("Hackman v. ALDI I").

4.      On June 22, 2016, Defendant removed Hackman v. ALDI I to this Court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of Title 28 of the United States Code).

5.      On, June 27, 2016, Plaintiff filed a voluntary dismissal of Hackman v. ALDI I.

**B.      This Case**

6.      On June 28, 2016, Plaintiff initiated this case by filing a Complaint in the Superior Court of the District of Columbia captioned *GLORIA HACKMAN, individually and on behalf of others similarly situated, v. ALDI, Inc. d/b/a Reggano,* Superior Court of the District of Columbia, Case No. 2016 CA 004723 B ("Hackman v. ALDI II").  A true and correct copy of Plaintiff's Complaint in Hackman v. ALDI II, dated March 23, 2016, is annexed hereto as Exhibit A.

7.      In her initial complaint in Hackman v. ALDI II, Plaintiff disclaimed any class action claims.  (*See* Exhibit A at ¶ 4)

8.      Service of the Complaint and the accompanying summons was waived by ALDI's counsel on July 5, 2016.

9.      On July 14, 2016, Plaintiff filed an Amended Complaint in the Superior Court of the District of Columbia in Hackman v. ALDI II.  A true and correct copy of Plaintiff's Amended Complaint, dated July 14, 2016, is annexed hereto as Exhibit B.

10.     In her Amended Complaint, Plaintiff again asserted class action allegations against ALDI.  However, she revised the remedies sought against ALDI, in that she sought damages for herself, but not for the class members.  (*See* Exhibit B, Plaintiff's Amended Complaint at ¶ 4).

11.     Electronic service of the Amended Complaint and the accompanying summons was made upon ALDI's counsel on July 14, 2016.

12.     To date, no other documents have been filed with the Superior Court of the District of Columbia, Civil Division in Hackman v. ALDI II, other than the Complaint and the Amended Complaint.

**C.     The Related Cases**

13.     In addition to the foregoing filings in Hackman v. ALDI I and Hackman v. ALDI II, Plaintiff followed a similar pattern in several related cases.

14.     In March 2016 and April 2016, Plaintiff also filed the following related actions in the Superior Court of the District of Columbia:

> a.   Shawn Jain, *Individually and on Behalf of All Others Similarly Situated and the General Public of the District of Columbia* and Gloria Hackman, *Individually and on Behalf of All Others Similarly Situated and the General Public of the District of Columbia* v. Ahold USA, Inc. d/b/a Giant Landover, Giant Carlisle, Stop & Shop New England, Stop & Shop New York Metro, and Peapod, Case No. 2016 CA 002557 B (the "Jain/Hackman v. Ahold Case");
>
> b.   Gloria Hackman, *Individually and on Behalf of All Others Similarly Situated and the General Public of the District of Columbia* v. Walmart Stores, Inc. d/b/a Great Value, Case No. 2016 CA 002170 B (the "Walmart Case");
>
> c.   Gloria Hackman, *Individually and on Behalf of All Others Similarly Situated and the General Public of the District of Columbia* v. Save-a-Lot, Ltd. d/b/a Mantia's, Case No. 2016 CA 003174 B (the "Save-a-Lot Case"); and
>
> d.   Gloria Hackman, *Individually and on Behalf of All Others Similarly Situated and the General Public of the District of Columbia* v. Colonna Brothers, Inc., Case No. 2016 CA 002404 B.

15.     In an effort to avoid federal jurisdiction under CAFA in the Walmart Case, on April 19, 2016, Plaintiff filed an amended complaint in the Walmart Case that removed all allegations concerning claims brought on behalf of a class of individuals.  However, one month later, on May 25, 2016, Plaintiff voluntarily dismissed the Walmart Case.

16.     On June 30, 2016, Plaintiff and Jain filed an Amended Complaint in the Jain/Hackman v. Ahold Case, in which Plaintiff and Jain expressly disclaimed any class action claims.

17.     On, July 7, 2016, Defendant removed the Jain/Hackman v. Ahold Case to this Court under Civil Action Number 1:16-cv-01415-RC on the grounds of diversity jurisdiction over Plaintiff's individual claims.

18.     On, July 12, 2016, Plaintiff and Jain filed a voluntary dismissal of the Jain/Hackman v. Ahold Case.

19.     On July 14, 2016, Plaintiff, individually, filed a complaint in the Superior Court of the District of Columbia captioned *GLORIA HACKMAN, individually and on behalf of others similarly situated, v. AHOLD USA, Inc. d/b/a Giant Landover, Giant Carlisle, Stop & Shop New England, Stop & Shop New York Metro, and Peapod,* Superior Court of the District of Columbia, Case No. 2016 CA 005129 B (the "Hackman v. Ahold Case").  In that Complaint, Plaintiff alleged that she "expressly disclaims seeking statutory damages for the putative class[]" and that "Plaintiff also expressly disclaims seeking injunctive relief[,]" in an attempt to avoid the jurisdictional minimum under the CAFA.

20.     At or about the same time, Jain individually, also filed a complaint in the Superior Court of the District of Columbia captioned *SHAWN JAIN, individually and on behalf of others similarly situated, v. AHOLD USA, Inc. d/b/a Giant Landover, Giant Carlisle, Stop & Shop New*

*England, Stop & Shop New York Metro, and Peapod,* Superior Court of the District of Columbia, Case No. 2016 CA 005100 B (the "Jain v. Ahold Case"). In that Complaint Jain alleged that he "expressly disclaims seeking statutory damages for the putative class[]" and that he "also expressly disclaims seeking injunctive relief[,]" in an attempt to avoid the jurisdictional minimum under the CAFA.

21.     Defendant hereby files to remove Hackman v. ALDI II to this Court. On this date, the defendants in the Hackman v. Ahold Case and the Jain v. Ahold Case and the Save-a-Lot Case are also filing to remove those cases as well.

## TIMELY REMOVAL OF STATE COURT COMPLAINT

22.     Removal of Plaintiff's Amended Complaint is authorized by 28 U.S.C §§ 1441, 1446 and 1453(b).

23.     Given the service date of July 5, 2016, this Notice of Removal is timely, in that it has been filed and served within 30 days of the initial receipt of Plaintiff's Summons and Complaint by ALDI. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less than 30 days from service).

24.     This lawsuit is a civil action and has not been tried.

## SUBJECT MATTER JURISDICTION UNDER CAFA

25.     This case is brought by Plaintiff as a class action. Specifically, Plaintiff seeks to represent: "All individuals and entities in the District of Columbia who purchased 'Reggano 100% Grated Parmesan Cheese.'" (*See* Exhibit B, Plaintiff's Amended Complaint, at ¶ 31).

26.     Because Plaintiff's Amended Complaint alleges a class action as defined by 28 U.S.C. §1332(d)(1)(B), this Court may have original jurisdiction under the CAFA.

27.     CAFA provides, in relevant part, that the United States District Courts have original

jurisdiction over any class action, brought under state or federal law, in which (a) the number of

members of all proposed plaintiff classes in the aggregate is at least 100; (b) any member of a class

of plaintiffs is a citizen of a State different from any defendant; and (c) the aggregated claims of

class members exceed the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C.

§1332(d).

## Numerosity Of Class Members Under CAFA

28.     Plaintiff alleges that:

> [T]he Class is comprised of at least hundreds of purchasers of the
> Parmesan Cheese throughout the District of Columbia, making
> joinder impractical.  Moreover, the Class is composed of an easily
> ascertainable, self-identifying set of individuals and entities who
> purchased Parmesan Cheese.  The members of the Class are so
> numerous that joinder of all members is impracticable.

(*See* Exhibit B, Plaintiff's Amended Complaint at ¶ 32).

## Citizenship Of The Parties Under CAFA

29.     Plaintiff asserts that she resides in the District of Columbia.  (*See* Exhibit B,

Plaintiff's Amended Complaint at ¶ 5).  Therefore, ALDI alleges upon information and belief that,

at all times relevant to this action and at the time of removal, Plaintiff was and continues to be a

citizen of the District of Columbia.

30.     Additionally, all class members are presumably citizens of the District of Columbia.

(*See* Exhibit B, Plaintiff's Amended Complaint at ¶ 31).

31.     As alleged in Plaintiff's Amended Complaint, ALDI is an Illinois Corporation with

its principal place of business in Batavia, Illinois.  (*See* Exhibit B, Plaintiff's Amended Complaint,

at ¶ 6).  Pursuant to Plaintiff's Amended Complaint, at the time the Amended Complaint was filed

in the Superior Court of the District of Columbia, Civil Division, ALDI was and continues to be a citizen of the State of Illinois.

32.     Diversity is sufficiently established under CAFA where, as here, any single member of a class of plaintiffs is a citizen of a State different from any defendant.   28 U.S.C. §1332(d)(2)(A).  Because, pursuant to Plaintiff's Amended Complaint, Plaintiff is a citizen of the District of Columbia and ALDI is a citizen of the State of Illinois, the parties are diverse as required by CAFA.

**Jurisdictional Minimum Under CAFA**

33.     Upon information and belief, the aggregated claims of class members, as alleged in the Complaint, exceed the sum or value of $5,000,000, exclusive of interest and costs.

34.     Although Plaintiff alleges that he "expressly disclaims seeking statutory damages for the putative class[]" and that "Plaintiff also expressly disclaims seeking injunctive relief[,]" Plaintiff's attempts to avoid the jurisdictional minimum under CAFA is unavailing.  (*See* Exhibit B, Plaintiff's Amended Complaint, at ¶ 4).

35.     In *Standard Fire Insurance Company v. Knowles*, 133 S.Ct. 1345 (2013), the United States Supreme Court unanimously observed that CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Insurance Co.*, 133 S.Ct. at 1348.

36.     In tallying the amount-in-controversy for the purposes of CAFA, the Supreme Court noted that at this juncture, when jurisdiction is assessed, "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified. *Id.* at 1349.  Therefore, a putative representative is without the authority to "reduc[e] the value of the

putative class members' claims" through stipulation or waiver and thereby "concede the amount-in-controversy issue for the absent class members" so as to avoid the "CAFA jurisdictional threshold." *Id.*

37.     Accordingly, Plaintiff's attempt to avoid the jurisdictional minimum under CAFA is entirely without merit.

38.     Instead, Plaintiff seeks an order granting Plaintiff "individual treble damages or statutory damages under DC Code §28-3904 *et seq.*, whichever is greater[.]"   (*See* Exhibit A, Plaintiff's Amended Complaint at p. 11, ¶ D).

39.     DC Code §23-3905(k)(2) provides that a plaintiff that brings a claim pursuant to DC Code §28-3904 *et seq.* may recover, *inter alia*, a minimum of $1,500 per violation, reasonable attorneys' fees, punitive damages, and an injunction against the use of the unlawful trade practice.

40.     For the time period relevant to Plaintiff's Amended Complaint, ALDI sold over 3,333 units of grated parmesan cheese in the District of Columbia.

41.     Multiplying the $1,500 penalty identified in DC Code §23-3905(k)(2), by the over 3,333 units of grated parmesan cheese sold by ALDI during the relevant time period, the amount in controversy exceeds $5 million.

42.     Plaintiff also seeks attorneys' fees authorized by DC Code §23-3905(k)(2), which are properly aggregated and considered for purposes of determining the amount in controversy under CAFA.  *See* 28 U.S.C. §1332(d)(6).

43.     Accordingly, ALDI has established that the amount in controversy requirement is satisfied.

## SUBJECT MATTER JURISDICTION BASED ON 28 USC §1332(a)

44.     Alternatively, in light of Plaintiff's disavowal of any monetary relief for the members of the purported class, this Court should not treat this case as a class action for the purposes of diversity jurisdiction and should apply 28 U.S.C. §1332(a)

## Citizenship of the Parties Under 28 USC §1332(a)

45.     Plaintiff asserts that she resides in the District of Columbia. (*See* Exhibit B, Plaintiff's Amended Complaint at ¶ 5). Therefore, ALDI alleges upon information and belief that, at all times relevant to this action and at the time of removal, Plaintiff was and continues to be a citizen of the District of Columbia.

46.     As alleged in Plaintiff's Amended Complaint, ALDI is an Illinois Corporation with its principal place of business in Batavia, Illinois. (*See* Exhibit B, Plaintiff's Amended Complaint, at ¶ 6). Pursuant to Plaintiff's Amended Complaint, at the time the Amended Complaint was filed in the Superior Court of the District of Columbia, Civil Division, ALDI was and continues to be a citizen of the State of Illinois.

47.     Because, pursuant to Plaintiff's Amended Complaint, Plaintiff is a citizen of the District of Columbia and ALDI is a citizen of Illinois, the parties are diverse as required by 28 U.S.C. §1332 (a).

## Jurisdictional Minimum Under 28 USC §1332(a)

48.     Upon information and belief, the claims by Plaintiff for actual and punitive damages plus injunctive relief plus attorney's fees, as alleged in the Amended Complaint, exceed the sum or value of $75,000, exclusive of interest and costs.

49.     In addition to the $1,500 statutory damages and attorneys' fees sought through Plaintiff's Amended Complaint, Plaintiff seeks an injunction against ALDI "that it be barred from

producing, manufacturing, packaging and/or selling its Parmesan Cheese with cellulose in the District of Columbia." (*See* Exhibit A, Plaintiff's Amended Complaint at p. 11, ¶ F).

50.    Upon information and belief, if the injunction were to be enforced against ALDI, the costs associated with complying with such an injunction alone would be excess of $75,000.

51.    Accordingly, ALDI has established that the amount in controversy requirement is satisfied.

## **VENUE**

52.    This action is currently pending in the Superior Court of the District of Columbia, Civil Division.  Therefore, venue in this Court is proper pursuant to 28 U.S.C. §110 and 28 U.S.C. §1391(b)(2).

## **NOTIFICATIONS**

53.    As required by 28 U.S.C. §1446(d), ALDI will provide prompt written notice to Plaintiff, by counsel, of removal of this action to federal court.

54.    As required by 28 U.S.C. 1446(d), ALDI will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the District of Columbia.

**WHEREFORE,** defendant ALDI Inc. hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Dated: July 25, 2016                                      Respectfully submitted,
                                                          **VERDI & OGLETREE PLLC**

                                                          /s/ Kerry Brainard Verdi_____
                                                          Kerry Brainard Verdi (#478486)
                                                          1325 G Street, NW, Suite 500
                                                          Washington, DC 20005
                                                          phone:  202.449.7703
                                                          fax:  202.449.7701
                                                          kverdi@verdiogletree.com
                                                          *Attorneys for Defendant ALDI Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served a copy the foregoing Notice of Removal via

U.S. Mail as well as electronic mail on the following:

Nicholas Migliaccio
Jason S. Rathod
**Migliaccio & Rathod LLP**
412 H St. NE, Suite 302
Washington, DC 20002
Phone: (202) 470-3520
Fax:     (202) 800-2730
Email: jrathod@classlawdc.com

Dated:  July 25, 2016

**VERDI & OGLETREE PLLC**

/s/ Kerry Brainard Verdi_____
Kerry Brainard Verdi
1325 G Street, NW
Suite 500
Washington, DC 20005
phone:  202.449.7703
fax:  202.449.7701
**kverdi@verdiogletree.com**