Filed
D.C. Superior Court
06/29/2016 15:52PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GLORIA HACKMAN<br>*Individually and on Behalf of All the General Public of the District of Columbia*<br>27 O St., NW, Apt 212<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br><br>ALDI, Inc. d/b/a Reggano<br>1200 N. Kirk Road<br>Batavia, IL 60150<br><br>    Defendant. | Case No.: 2016 CA 004723 B<br>Judge:<br><br><br><br><br>**PRIVATE ATTORNEY GENERAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

PRIVATE ATTORNEY GENERAL COMPLAINT

***COMES NOW*** Plaintiff Gloria Hackman, individually and on behalf of the general public as detailed herein, by and through undersigned counsel, and pursuant to DC Code §28-3905 makes this Complaint against Defendant ALDI Inc. d/b/a Reggano ("ALDI"). In support of this Complaint, Plaintiff states the following:

## JURISDICTION

1.  Exclusive subject matter jurisdiction of the Court is invoked pursuant to D.C. Code §28-3905(k)(2), and by virtue of the fact that all acts and omissions complained of occurred in the District of Columbia.

2.  This Court has personal jurisdiction over each Defendant pursuant to D.C. Code § 13-423(a) and § 13-422.

3.  Venue lies in the Superior Court of the District of Columbia as the cause of action

1

arose in the District of Columbia.

4. Plaintiff, as the master of her own complaint, expressly disclaims asserting any class action or mass action claims as defined by the Class Action Fairness Act, 28 USCS § 1332(d) *et seq.*

## PARTIES

5. Plaintiff Gloria Hackman is an adult resident of the District of Columbia and a consumer.

6. Aldi is a corporation with its principal place of business in Batavia, Illinois. It operates more than 1,300 stores across the United States.

## BACKGROUND

7. Each of the preceding paragraphs is incorporated by reference herein.

8. Defendant develops, distributes, advertises and sells numerous products across the globe under its private label brands, including "Reggano." According to its website, more than 90 percent of the products in ALDI's stores are ALDI exclusive brands, which purportedly saves its customers up to 50 percent on commonly purchased grocery items. The emphasis on "extremely low pricing" of private label brands such as Reggano has turned ALDI into a "major force that is on the verge of changing the grocery retailing landscape." *See* "ALDI Is a Growing Menace to America's Grocery Retailers," Forbes, April 14, 2015, available at http://www.forbes.com/sites/thehartmangroup/2015/04/14/aldi-is-a-growing-menace-to-americas-grocery-retailers/#444272e93e6a .

9. Defendant has developed, distributed, advertised and sold the product at issue here – "Reggano 100% Grated Parmesan Cheese" ("Parmesan Cheese") – at its retail locations nationwide, including at its retail locations in the District of Columbia.

10.     These products are sold and purchased for personal use and consumption in the District of Columbia.

### THE SALE OF CELLULOSE-LADEN PARMESAN CHEESE
### AS A DECEPTIVE PRACTICE

11.     Each of the preceding paragraphs is incorporated by reference herein.

12.     Packages and their labels should enable consumers to obtain accurate information as to the nature and quality of the contents and should facilitate value comparisons.  When this information is misrepresented, it is deceptive and allows a person, manufacturer, or retailer to mislead consumers such as Gloria Hackman. The container for ALDI's Parmesan Cheese contains a single, conspicuous marketing representation: "100% Grated Parmesan Cheese":



13. This representation leads reasonable consumers to believe that the product is, in fact, one hundred percent comprised of parmesan cheese and therefore does not contain substitutes or fillers.

14. Independent laboratory testing completed at the direction of Ms. Hackman revealed that ALDI's Parmesan Cheese contained 16.71 percent cellulose.

15. Cellulose is made from wood pulp and can be used as a filler in food products.

16. ALDI's use of 16.71 percent cellulose filler in its "100% Grated Parmesan" is a deceptive practice.

17. ALDI's sale of the Parmesan Cheese with cellulose is a deceptive practice as ALDI is using the cellulose as filler.

18. ALDI's sale of the Parmesan Cheese with filler is deceptive to consumers, including Ms. Hackman, because the front of the package conspicuously touts that it contains "100% Grated Parmesan Cheese."

19. ALDI's sale of the Parmesan Cheese with filler is deceptive to consumers, including Ms. Hackman, because there is no practical way for them to know, particularly prior to purchase, that the Parmesan Cheese contains such filler.

## PURCHASE

20. Each of the preceding paragraphs is incorporated by reference herein.

21. On or about February 22, 2016 Plaintiff Gloria Hackman purchased ALDI's Parmesan Cheese at the ALDI store located at 901 17th St. NE, Washington DC 20002.

22. This product was sold in a container that contained a single, conspicuous marketing representation: "100% Grated Parmesan Cheese."

23. The package was sealed and unable to be opened, inspected and tested prior to purchase.

24. Gloria Hackman purchased the product for testing and evaluation purposes on her behalf and for the general public.

25. Sale of the Parmesan Cheese is a deceptive and unlawful trade practice due to the presence of cellulose, which contradicts the labeling representation that the Parmesan Cheese is "100% Grated Parmesan Cheese."

26. Upon information and belief, ALDI has sold a significant volume of the Parmesan Cheese in the District of Columbia.

27. ALDI has marketed, advertised, and sold the Parmesan Cheese directly and/or indirectly (through websites and ALDI stores) to the general public of the District of Columbia.

28. The packaging of the Parmesan Cheese is inherently deceptive as detailed herein and therefore contrary to the expectations imparted by Defendant through its representations and omissions to consumers, including Gloria Hackman.

29. Plaintiff acts for the benefit of the General Public as a Private Attorney General for claims in this action arising under the DCCPPA, which expressly authorizes an individual to act "on behalf of both the individual and the general public…seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased…." D.C. Code § 28-3905(k)(1)(B).

30. Plaintiff is *not* bringing this matter as a class action or mass action.

**UNLAWFUL AND DECEPTIVE TRADE PRACTICE – DC Code § 28-3905**
**Count I**

31. Each of the preceding paragraphs is incorporated by reference herein.

5

32.     Plaintiff Gloria Hackman on behalf of herself as an individual and on behalf of the general public files this action pursuant to D.C. Code § 28-3905(k).

33.     ALDI's sale of the Parmesan Cheese with cellulose as filler, and in direct contradiction to its representation that the Parmesan Cheese is "100% Grated Parmesan Cheese," is an unlawful and deceptive trade practice pursuant to DC Code § 28-3904 in that Defendant:

a.  Misrepresents a material fact regarding the product's contents that tends to mislead by stating that the product is 100% Grated Parmesan Cheese;

b.  Fails to state a material fact regarding the product's contents that tends to mislead by omitting that the product contains cellulose;

c.  Uses innuendo or ambiguity as to a material fact regarding the product's contents, which has a tendency to mislead by stating that the product is 100% Grated Parmesan Cheese;

d.  Represents that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;

e.  Sells consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Official Code, or by operation or requirement of federal law;

f.  Otherwise misleads.

34.     These material misrepresentations affect the ability to comparison shop by materially misleading about the contents and quality of the Parmesan Cheese.

35.     Defendant intentionally made these misrepresentations knowing that they had the tendency to mislead consumers, such as Gloria Hackman.

36. Sale of the Parmesan Cheese with cellulose, and in direct contradiction to the representation that it is 100% parmesan cheese, constitutes an unfair trade practice.

37. As a result of this unfair and deceptive trade practice, Gloria Hackman seeks actual damages, statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees solely on behalf of herself.

38. As a result of this unfair and deceptive trade practice, Gloria Hackman seeks on behalf of the general public an injunction against ALDI, including that ALDI be barred from producing, manufacturing, packaging or selling its 100% Grated Parmesan Cheese in the District of Columbia, and reasonable attorney's fees.

### BREACH OF EXPRESS WARRANTY
### Count II

39. Each of the preceding paragraphs is incorporated by reference herein.

40. ALDI expressly warranted that the Parmesan Cheese was 100% parmesan cheese.

41. ALDI also extended express warranties to Plaintiff by way of product descriptions and representations as to product qualities and characteristics made in sales literature at ALDI retail locations, on its website, and via advertisements, among other methods.

42. The Parmesan Cheese is not 100% parmesan cheese and contains cellulose as filler.

43. At the time that ALDI made express warranties to Plaintiff, ALDI knew that the Parmesan Cheese had cellulose used as filler. Nevertheless, ALDI continued to place the defective product on the market and failed and omitted to inform its customers, including Plaintiff of its defective nature.

44. ALDI's failure to remedy the defective nature of the Parmesan Cheese constitutes a breach of express warranty.

45. The foregoing breaches of express warranty at issue were substantial factors in causing damages to Plaintiff.

46. The true facts about cellulose in the Parmesan Cheese is information that is material in a consumer's decision to purchase the Parmesan Cheese.

47. Plaintiff is entitled to the full remedies provided under Article 2 of the Uniform Commercial Code as adopted by the District of Columbia as well as all other applicable remedies.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

48. Each of the preceding paragraphs is incorporated by reference herein.

49. Defendant is a merchant who sold the Parmesan Cheese to Plaintiff.

50. The Parmesan Cheese bears a label with a promise and affirmation of fact that it is 100 percent parmesan cheese.

51. The Parmesan Cheese, however, contains cellulose as filler, breaching the implied warranty of merchantability.

52. The foregoing breach of the implied warranty at issue were substantial factors in causing damages to Plaintiff.

53. The true facts about cellulose in the Parmesan Cheese is information that is material in a consumer's decision to purchase the Parmesan Cheese.

54. Plaintiff is entitled to the full remedies provided under Article 2 of the Uniform Commercial Code as adopted by the District of Columbia as well as all other applicable remedies.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gloria Hackman, prays for a judgment against Defendant as follows:

  A. Entering judgment in favor of Plaintiff and against Defendant for all compensatory and individual damages;

  B. Granting Plaintiff her individual treble damages or statutory damages under DC Code § 28-3904 *et seq.*, whichever is greater;

  C. Granting Plaintiff her costs of prosecuting this action, including attorneys' fees, experts' fees and costs together with interest; and

  D. Granting an injunction on behalf of the general public under DC Code § 28-3904 *et seq.* against ALDI that it be barred from producing, manufacturing, packaging and/or selling its Parmesan Cheese; with cellulose in the District of Columbia and reasonable attorneys' fees and costs; and

  E. Granting such further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 28, 2016

Respectfully submitted,

MIGLIACCIO & RATHOD LLP

*Jason S. Rathod*
Nicholas A. Migliaccio, Esq.,
(Bar No. 484366)
Jason S. Rathod
(Bar No. 1000882)
412 H St NE, Suite 302
Washington, DC 20002
Office: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com

jrathod@classlawdc.com

NIDEL LAW, P.L.L.C.
Christopher T. Nidel, Esq., Bar No. 497059
1615 New Hampshire Ave, NW
Washington, DC 20009
chris@nidellaw.com
202-558-2030 (Tel.)



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GLORIA HACKMAN
   Vs.                                  C.A. No.       2016 CA 004723 B
ALDI, INC.

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                               Chief Judge Lee F. Satterfield

Case Assigned to: Judge MARISA J DEMEO
Date:  June 29, 2016
Initial Conference: 9:30 am, Friday, September 30, 2016
Location:  Courtroom A-50
               515 5th Street N.W.

                                                                                                            Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING**
**ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc